**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30392 |
| Plaintiff - Appellee, | DC No. 3:10 cr-0191 HZ |
| v. | |
| GERARDO MOSQUERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 16, 2014
Portland, Oregon

Before:     ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Gerardo Mosquera ("Mosquera") was convicted of and sentenced for two counts of a federal theft offense under 18 U.S.C. § 666(a)(1)(A).[1] On appeal, he challenges his conviction on speedy trial grounds, and separately argues that the district court erred in denying his request for a downward departure based on the conditions of his pretrial confinement in Columbia, in imposing a two-level upward adjustment for obstruction of justice, and another two-level upward adjustment for misuse of a Social Security number.

1.      We do not reach the merits of Mosquera's contentions that his speedy trial rights were violated because we conclude that these claims were waived. First, Mosquera waived his rights under the Speedy Trial Act by failing to file a motion to dismiss on speedy trial grounds before trial. *See* 18 U.S.C. § 3162(a)(2).[2] We similarly conclude that Mosquera voluntarily and knowingly waived his Sixth Amendment right to a speedy trial. Although Mosquera initially

---

[1]      Mosquera was extradited from Colombia for these offenses, but the government of Colombia denied extradition on the charge of misuse of a Social Security Number.

[2]      The Act provides in relevant part:

Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty . . . shall constitute a waiver of the right to dismissal under this section.

18 U.S.C. § 3162(a)(2).

objected to a continuance, he consented to the continuance after the district court explained that it was in his best interest to allow his attorney time to prepare for trial and he agreed to the date on which the trial was ultimately scheduled. Mosquera made no other objections on speedy trial grounds and failed to file any motions claiming a speedy trial violation. Therefore, he waived his Sixth Amendment speedy trial right. *See Barker v. Wingo*, 407 U.S. 514, 529 (1972).

2.      We affirm the district court's denial of a downward departure based on the conditions of confinement Mosquera experienced while he was imprisoned in Colombia awaiting extradition. We have not yet decided whether harsh pretrial confinement conditions may be a basis for a downward departure under U.S.S.G. § 5K2.0. We need not decide that issue today, however, because, even assuming that such a basis for departure exists, Mosquera has not made an adequate factual showing that he would be entitled to such a departure. Nothing, no sworn evidence, supports his allegations, except references to public websites describing general prison conditions in Columbia.

3.      The district court did not err in imposing a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Evidence at trial demonstrated that Mosquera filed false records in a related administrative proceeding, which is sufficient to support an upward adjustment. *See id*.

3

**4.** Finally, the district court did not err in imposing a two-level upward adjustment for fraudulent use of a Social Security Number pursuant to U.S.S.G. § 2B1.1(b)(11)(C). The adjustment does not violate the doctrines of criminality and specialty because the evidence used to enhance Mosquera's sentence was different from that in the extradition request: Mosquera's extradition was requested for misuse of a Social Security number to obtain a car loan while his sentence was enhanced for fraudulent use of a Social Security Number to open a bank account in connection with the fraudulent scheme for which he was convicted. In any event, the use of evidence of Mosquera's social security violations to enhance his sentence for the theft of federal funds is not "punishment" under the extradition doctrine of specialty. *See United States v. Lazarevich*, 147 F.3d 1061, 1063-64 (9th Cir. 1998) (citing *Witte v. United States*, 515 U.S. 389, 399 (1995)).

The judgment of the district court is AFFIRMED.